Shannon Doyle, Esq. (SBN 207291)
**Ghidotti | Berger LLP**
1920 Old Tustin Ave
Santa Ana, CA 92705
Tel: 949-427-2010
Fax: 949-427-2732
Email: sdoyle@ghidottiberger.com

FILED & ENTERED

MAY 16 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ghaltchi    DEPUTY CLERK

Attorneys for Creditor U.S. Bank Trust National Association as Trustee of the Cabana Series V Trust

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| Jamie Mazur<br><br>            Defendants. | **CASE NO.: 2:25-bk-10181-NB**<br><br>**CHAPTER 11**<br><br>**ORDER GRANTING DEBTOR'S BUDGET MOTION – SUBJECT TO ADEQUATE PROTECTION PAYMENTS TO U.S. BANK AND TO FINANCE CALIFORNIA'S PURSUANT TO REQUEST(S) FOR ADEQUATE PROTECTION – ON AN A FINAL BASIS**<br><br>**Interim Hearing:**<br>Date:  April 8, 2025<br>Time:  1:00 p.m.<br><br>**Final Hearing:**<br>Date:   May 6, 2025<br>Time:  1:00 p.m.<br>Crtrm: 1545<br>Place:  255 E. Temple St.<br>            Los Angeles, CA 90012 |

    The Court, having considered Jamie Mazur's (the "Debtor"), Budget Motion (dkt. 31), U.S. Bank's Opposition (36, 50), California Finance's Opposition (dkt. 37), Debtor's Reply (dkt.

1

49), the Interim Budget Order (dkt. 55), and Debtor's Supplemental Declaration in Support of Budget Motion (dkt. 54), the Court grants the Budget Motion on a final basis and approves the Debtor's proposed adequate protection payments on a final basis pursuant to the adopted tentative rulings issued on April 8, 2025 and May 6, 2025. A copy of the tentative ruling dated May 6, 2025 (which incorporates the April 8, 2025 tentative ruling) is attached hereto as **Exhibit "A"**.

**WHEREFORE IT IS HEREBY ORDERED** that:

1. The Budget Motion is GRANTED on a final basis, subject to the adequate protection payment set forth below.

2. ~~the~~ Debtor is authorized to use U.S. Bank's cash collateral, and authorized and directed to make adequate protection payments of $10,000.00 per month to U.S. Bank pursuant to the terms and conditions set forth in the adopted tentative rulings issued on April 8, 2025 and May 6, 2025.

3. As previously ordered (*see* dkt. 60), Debtor is authorized to use California Finance's cash collateral, and authorized and directed to make adequate protection payments of $3,000.00 per month to California Finance pursuant to the terms and conditions set forth in the adopted tentative rulings issued on April 8, 2025 and May 6, 2025.

###

Date: May 16, 2025

Neil W. Bason
United States Bankruptcy Judge

2

# Exhibit A – Adopted Tentative Ruling

**Tentative Ruling for 5/6/25:**
Grant the Budget Motion on a final basis, and approve Debtor's proposed adequate protection payments on a final basis, all as set forth below.  <u>Appearances are not required</u> on 5/6/25.  (If you wish to contest the tentative ruling, see the Posted Procedures of Judge Bason, available at www.cacb.uscourts.gov, then search for "tentative rulings.")

If you are making an appearance, you may do so (1) in person in the courtroom, unless the Court has been closed (check the Court's website for public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone.  For ZoomGov instructions for <u>all</u> matters on calendar, please see page 1 of the posted tentative rulings.

<u>Key documents reviewed</u> (in addition to motion papers): U.S. Bank's Opposition (dkt. 36, 50), California Finance's Opposition (dkt. 37), Debtor's Reply (dkt. 49), Interim Budget Order (dkt. 55), Debtor's supplemental declaration in support of Budget Motion (dkt. 54)

<u>Analysis</u>

    Background information is set forth in the adopted tentative ruling issued on 4/8/25 (reproduced below) and will not be restated.  (Capitalized terms not defined herein have the meaning set forth in the 4/8/25 adopted tentative ruling.)

    As of the preparation of this tentative ruling, U.S. Bank and Finance California ("Creditors") have not filed supplemental objections to the adequate protection payments approved in the Interim Budget Order (dkt. 55) (the deadline for such objections was two weeks prior to this hearing).  In his supplemental declaration (dkt. 54), Debtor requests continued authorization to use Creditors' cash collateral, and proposes to make adequate protection payments of $10,000.00/month to U.S. Bank and $3,000.00/month to Finance California (adequate protection payments in those amounts were approved on an interim basis in the Interim Budget Order (dkt. 55)).  As additional adequate protection Debtor is preparing the property for sale, and apparently attempting to maximize value for the benefit of creditors (and himself).

    The tentative ruling is to grant the Budget Motion on a final basis, and to approve Debtor's request for authorization to use Creditor's cash collateral on a final basis, on the same terms and conditions previously approved.

    **Note:** The adopted tentative ruling for the 4/8/25 hearing directed U.S. Bank and Finance California to each lodge proposed interim orders granting their requests for adequate protection.  As of the preparation of this tentative ruling, no such interim orders have been lodged.  The tentative ruling is to **set a deadline of 5/13/25** for U.S. Bank and Finance California to lodge proposed orders with respect to the 4/8/25 hearing.

    <u>Proposed order(s)</u>: This Court contemplates three orders: (A) an order to be lodged by Debtor granting the Budget Motion on a final basis, (B) an order to be lodged by US Bank granting the request of US Bank for adequate protection on a final basis, and (C) an order to be lodged by Finance California granting the

request of Finance California for adequate protection on a final basis. Unless otherwise ordered, those orders must be lodged within 7 days after the hearing date (per LBR 9021-1(b)(1)(B)) and attach a copy of this tentative ruling, thereby incorporating it as this Court's actual ruling.

**Tentative Ruling for 4/8/25:**
Grant the Budget Motion on an interim basis, subject to the adequate protection provisions set forth below, and set a continued hearing contemporaneous with the continued status conference in this case (see calendar no. 8, for 4/8/25 at 1:00 p.m.). <u>Appearances required</u>.

If you are making an appearance, you may do so (1) in person in the courtroom, unless the Court has been closed (check the Court's website for public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone. For ZoomGov instructions for <u>all</u> matters on calendar, please see page 1 of the posted Tentative Rulings.

<u>Key documents reviewed</u> (in addition to motion papers): U.S. Bank's Opposition (dkt. 36), California Finance's Opposition (dkt. 37), Debtor's Reply (dkt. 49).

<u>Analysis</u>
On 2/19/25, Debtor filed an amended budget motion (dkt. 31, the "Budget Motion"). Secured creditors U.S. Bank Trust National Association as Trustee of the Cabana Series V Trust, as serviced by SN Servicing Corporation ("U.S. Bank") and Finance California, a California corporation ("Finance California") both objected to the Budget Motion, citing a lack of adequate protection.
Debtor has not filed a cash collateral motion based on the fact that, previously, Debtor was not collecting rents. *See* Reply (dkt. 49) p. 3:14-23; Stat.Rpt. (dkt. 21) p. 3, item B.1. But now Debtor anticipates collecting regular monthly rents, and Debtor does not dispute that the funds to be generated by its property qualify as cash collateral in which US Bank and Finance California have an interest. *See* Reply (dkt. 49) p. 2:17–3:13 (contending that the payments contemplated in the Budget Motion, as well as the value of the property, provide adequate protection to the secured creditors).
The tentative ruling is to address the cash collateral/adequate protection issues in connection with the Budget Motion for the following reasons. On the one hand, a budget motion and a cash collateral motion are different. The purpose of requiring a budget motion is to assure (i) transparency and (ii) an opportunity for parties in interest to object to expenditures that a debtor might characterize as "ordinary course" (and therefore not requring disclosure or approval under 11 U.S.C. 363(c)(1)), but that creditors might characterize as out of the ordinary course. In contrast, the purpose of a cash collateral motion is to obtain approval for the use of cash collateral, which cannot be used even for "ordinary course" expenditures without approval (by the secured creditors or this Court). 11 U.S.C. 363(c)(2). In other words, Debtor's Budget Motion typically is not a cash collateral motion.
On the other hand, it is appropriate for US Bank and Finance California to use their responses to the Budget Motion as an appropriate time to demand adequate protection of their interests, as a condition for approval of the budget. Under 11 U.S.C. 363(e), "at any time, on request of an entity that has an interest in property" proposed

to be used, sold, or leased by a debtor in possession (per 11 U.S.C. 1101(1)), this Court "shall" prohibit or condition the bankruptcy estate's use, sale, or lease of property "as is necessary to provide adequate protection" to such entities.

Alternatively, the tentative ruling is to treat the Budget Motion as implicitly incorporating Debtor's request for authority to use cash collateral, pursuant to this Court's obligation "to secure the just, speedy, and inexpensive determination of every case and proceeding." Rule 1001 (Fed. R. Bankr. P.). Alternatively, the tentative ruling is to entertain an oral motion by Debtor for such authorization, at the hearing and without further notice (per Rule 4001(b) and, to the extent applicable, per Rule 9006(c), Fed. R. Bankr. P.), because (x) it appears that interim authorization is necessary to avoid immediate and irreparable harm including paying utilities and other necessary expenses; (y) doing so will not prejudice any parties in interest and, to the contrary, will preserve value and facilitate interim adequate protection payments; and (z) at the continued hearing this Court can make a final determination, after appropriate briefing, about whether any different or additional protection is required.

Turning to the merits, there is some confusion about the dollar amounts. Because the motion was filed using the standard form for budget motions (as opposed to the standard form for cash collateral motions), it is somewhat unclear what monthly payments Debtor proposes to make to secured creditors. In his reply papers, Debtor has clarified that he intends to make monthly adequate protection payments of $15,000.00 to U.S. Bank. Reply (dkt. 49) p. 2:17–18. U.S. Bank was under the impression that Debtor intended to pay it only $100.00 per month, and requested that Debtor be required at a minimum to make payments equal to the non-default post-petition rate of interest, or $4,562.50 per month. U.S. Bank Opp. (dkt. 36) p. 4:20–24.) (The Budget Motion is inconsistent as to the exact amount of the proposed monthly adequate protection payments to U.S. Bank. *Cf.* Mazur Decl. ¶ 2 (dkt. 49) (stating that monthly payments will be $15,**500**.00) with Mazur Decl. ¶ 4 (dkt. 49) (stating that monthly payments will be $15,**000**.00. This Court assumes that the lower figure is the correct one, because it correlates with income generated by a lease of the property that Debtor recently executed. Debtor is directed to confirm the correct figure at the hearing.)

Debtor has also clarified that he intends to make monthly adequate protection payments of $3,000.00 to Finance California. Reply (dkt. 49) p. 2:22–24. (Finance California's position as to the sufficiency of the proposed $3,000.00 monthly adequate protection payment is unclear; its opposition papers do not specify the amount of adequate protection payments to which it believes it is entitled.)

The tentative ruling is that the payments proposed by Debtor adequately protect secured creditors' interests in their collateral, at least on an interim basis. Therefore, the tentative ruling is to grant the Budget Motion on an interim basis, subject to the adequate protection payments proposed by Debtor and further subject to the conditions set forth in the next section of this tentative ruling, below.

For the continued hearing, the tentative ruling is to set a **deadline of two weeks prior** to that hearing for US Bank and Finance California to file and serve any supplemental opposition and request for additional or different adequate protection. The tentative ruling is that Debtor's reply must be filed and served **one week prior** to that continued hearing.

In addition, the tentative ruling is that the foregoing procedures will moot the need for Debtor to file and serve a separate motion seeking authorization for the use of US Bank's and Finance California's cash collateral, especially given the expense of such a separate (and apparently redundant) cash collateral motion. If any party in interest disagrees, they are directed to raise their disagreement at this hearing.

<u>Proposed order(s)</u>: This Court contemplates three orders: (A) an interim order to be lodged by Debtor temporarily granting the Budget Motion, (B) an interim order to be lodged by US Bank temporarily granting the request of US Bank for adequate protection, and (C) an interim order lodged by Finance California temporarily granting the request of Finance California for adequate protection. Unless otherwise ordered, those orders must be lodged within 7 days after the hearing date (per LBR 9021-1(b)(1)(B)) and attach a copy of this tentative ruling, thereby incorporating it as this Court's actual ruling.

<u>Judge Bason's standard conditions for use of cash collateral and/or postpetition financing (by creditors holding prepetition claims)</u>

(1) <u>Written order [for cash collateral]</u>

(a) <u>Form</u>. Use local form F2081-2.1.ORDER.CASH.COLLATERAL or the equivalent. Attach a copy of this tentative ruling as an exhibit, thereby adopting it as the written ruling of this Court, subject to any changes ordered at the hearing. Do not repeat the terms set forth in the motion or any stipulation. Incorporate those terms by reference (including the docket number of the document), subject to any modification by this Court.

(b) <u>Timing</u>. Lodge the proposed order within 7 days after the hearing. *See* LBR 9021-1(b)(1)(B).

(2) <u>Minimum adequate protection</u>

In addition to the postpetition security interests that are automatically provided pursuant to 11 U.S.C. 552 (*e.g.,* in traceable proceeds and profits), and subject to any more comprehensive protection that may be approved, Debtor shall provide at least the following protection to any creditor with a security interest in the subject property (pursuant to 11 U.S.C. 361-364, as applicable):

(a) <u>Insurance</u>. For all collateral of a type that typically is insured (*e.g.,* real property and improvements), Debtor is directed to maintain insurance in a dollar amount at least equal to Debtor's good faith estimate of the value of such creditor's interest in the collateral, and such insurance shall name such creditor as an additional insured. Debtor is directed to remain current on payments for such insurance.

(b) <u>Taxes</u>. Debtor is directed to remain current on payments on account of postpetition real estate taxes (to the extent that real estate is part of the collateral).

(c) <u>Disclosures/access</u>. Debtor is directed to provide, upon such creditor's reasonable request, periodic accountings of the foregoing insurance and tax obligations and payments, as well as postpetition proceeds, products, offspring, or profits from the collateral, including gross revenues and expenses and a calculation of net revenues. Debtor is directed to provide appropriate documentation of those accountings, and access for purposes of inspection or appraisal.

(3) <u>Grant of, and limitation on, postpetition liens</u>

The tentative ruling is to grant postpetition liens to any creditors holding secured claims by granting replacement liens, but such liens shall be limited to the same validity, priority, and amount as prepetition liens. As used herein, the "validity, priority, and amount" or any similar phrase that may be used by the parties or this Court is deemed to include the following:

(a) <u>Extent</u>. Such liens shall be limited to the *type* of collateral in which the creditor held a security interest as of the petition date. For example, if prepetition liens extended to inventory and accounts receivable but not equipment then postpetition liens are likewise limited (unless otherwise expressly provided by order of this Court). In addition, postpetition liens shall not extend to any avoidance actions or the proceeds thereof, any claim or recoveries under 11 U.S.C. 506(c), any "carveout" under 11 U.S.C. 552, or any claim or recoveries under 11 U.S.C. 724(a).

(b) <u>Priority</u>. Such liens shall be limited to the same *priority* as the security interest held by the creditor as of the petition date.

(c) <u>Dollar amount</u>. Such liens shall be limited to the dollar amount needed to protect the creditor against diminution in the *value* of the secured claims as of the petition date.

(d) <u>Enforceability</u>. Such liens shall be limited to the extent that the creditor's security interests were duly *perfected* and *valid* as of the petition date, and to the extent that they are *unavoidable.*

(e) <u>Automatic postpetition perfection</u>. Any *automatic* perfection of such liens shall be subject to any applicable limitations regarding the Court's authority, jurisdiction, or due process.

(4) <u>Automatic disapproval of insufficiently disclosed provisions</u>

Any provision of the type listed in FRBP 4001(c)(1)(B) or in local form F4001-2 (*e.g.,* cross-collateralization) or any waiver of the "equities of the case" exception in 11 U.S.C. 552(b)(2) shall be deemed automatically disapproved and excepted from any order granting the motion, notwithstanding any other provision of such order, unless either: (a) such provision is specifically and prominently disclosed in the motion papers in a checklist (such as local form F4001-2), or alternatively (b) such provision is specifically identified in any proposed order granting the motion, using terminology of the type used in FRBP 4001(c)(1)(B) or local form F4001-2 (*e.g.,* any "cross-collateralization" that is not specifically identified as such is deemed to be disapproved).

(5) <u>Disputes</u>

In the event of any disputes regarding the rulings in this order, the parties are directed to meet and confer and, if they cannot resolve their disputes consensually, contact Judge Bason's chambers to arrange a mutually convenient time for either a telephonic or in-person hearing to address such disputes.