JEFFREY S. SHINBROT, ESQUIRE (SBN 155486)
jeffrey@shinbrotfirm.com
JEFFREY S. SHINBROT, APLC
15260 Ventura Blvd., Suite 1200
Sherman Oaks, CA 91403
Telephone:  (310) 659-5444
Fax (310) 878-8304

Counsel to Secured Creditor Finance California

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:25-bk-10181-NB |
| | Chapter 11 |
| JAMIE MAZUR | |
| Chapter 11 Debtor and Debtor-In-Possession. | **NOTICE OF JOINDER OF SECURED CREDITOR FINANCE CALIFORNIA TO U.S. BANK'S MOTION TO DISMISS DEBTOR'S CHAPTER 11 CASE.** |
| | **Date:**  March 10, 2026<br>**Time:**  1:00 p.m.<br>**Place:**  255 East Temple Street, Los Angeles, CA90012 Courtroom 1545 |

**TO THE HONORABLE NEIL BASON & ALL PARTIES ON THE ANNEXED LIST**: **COMES NOW**, secured creditor Finance California, a California corporation, and hereby joins the motion of U.S. Bank Trust National Association for dismissal of the Debtor's chapter 11 case pursuant to 11 U.S.C. Section 1112(b), including, without limitation based on the Debtor's failure to pay post-petition real property taxes and for lack or prosecution of his chapter 11 case. This joinder is based on the annexed Memorandum of Points and Authorities, the record of the Debtor's bankruptcy case and the declaration and exhibit annexed hereto.

1

      **WHEREFORE,** Finance California respectfully requests that the Court dismiss

2

the Debtor's chapter 11 case.

3

4

Respectfully submitted.

5

Dated: February 12, 2026                 **JEFFREY S. SHINBROT, APLC**

6

                                    By: /s/Jeffrey S. Shinbrot

7

                                    Jeffrey S. Shinbrot, Esquire
                                    Counsel to Finance California, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS & AUTHORITIES**

1. Statement of Facts[1]

Jaime Mazur filed for relief under chapter 11 of the Bankruptcy Code, more than a year ago, on January 10, 2025 [ECF Dkt. No. 1]. In the Debtor's initial status conference report [ECF Dkt. No. 21], he states that the principal asset of the bankruptcy estate is a home commonly known as 1811 Bel Air Road, in Los Angeles, California (the "Property"). The Debtor contends in his bankruptcy schedules that the Property is valued at $4,500,000 [ECF Dkt. No. 18]. The Debtor also submitted an appraisal of the Property which came to the same conclusion. [ECF Dkt. No. 78].

As set forth in the Motion to Dismiss Case filed by U.S. Bank Trust National Association [ECF Dkt. No 158], the Property is encumbered by a mortgage in favor of US National Bank ("US Bank") in the current amount of $2,765,091.97. The Property is also encumbered by a secured obligation in favor of Finance California, Inc., under which $736,955 is currently owed.[2] The Debtor is operating under an adequate protection order resulting from motions from relief from stay from by both secured lenders. On October 29, 2025, the Bankruptcy Court entered its Order Conditioning Continuation of the Automatic Stay Upon Adequate Protection Payments [the "APO Order", ECF Dkt. No. 132].

On July 31, 2025, the Debtor filed his disclosure statement [ECF Dkt. No. 103] and chapter 11 plan. [ECF Dkt. No. 102]. The disclosure statement states that the funding of the Debtor's chapter 11 plan will come from the sale or refinance of the Property and "from the income that he derives from Redone LLC." [ECF Dkt. No. 103]. The Debtor's most recent status report (filed on November 25, 2025) states that the Debtor has reduced the sale price of the Property to $4,975,000, which is still significantly higher than the value assigned by the Debtor and the appraiser of $4,500,000 and a multiple of US Bank's contention that it received a Broker's Opinion of Value of the Property dated January 2, 2025 in the amount of $1,500,00 [please see ECF Dkt. No. 36]

---

[1] The facts are based on the record of the Debtor's chapter 11 case, the annexed declaration and exhibit thereto.
[2] See annexed Declaration of Gerald Wiener and proof of claim number 6-1 filed in the Debtor's chapter 11 case.

Pursuant to the APO Order, the Debtor was required to

… bring all post-petition property taxes and insurance payments current and shall provide written proof of payment to both Banks. **Debtor shall thereafter remain current on all post-petition tax and insurance obligations** and shall provide continuing proof of payment upon request." (emphasis added).

However, the Debtor has apparently failed to pay post-Petition real property taxes to the Country of Los Angeles in the amount of $19,082.23 that was due on December 12, 2025 and which has now accrued a penalty of $1,902.22.[3] The Debtor's obligation to Finance California became due on September 30, 2024, and continues to accrue interest at the rate of $8,625 per month, a net difference of $5,625 from the adequate protection payments of $3,000 per month.  Hence the equity in the property is being reduced by at least $5,625 monthly, to date in excess of $70,000, in addition to the delinquent secured property taxes.

2. <u>Dismissal is Appropriate</u>

11 U.S.C. Section 1112(b) provides for dismissal or conversion of a Chapter 11 case "for cause," whichever is in the best interests of creditors and the estate.  *Marsch v. Marsch (In re Marsch)*, 36 F.3d 825 (9th Cir. 1994) (dismissing Chapter 11 that was filed solely to delay a creditor).  Section 1112(b)(4) provides a non-exhaustive list of what constitutes "cause," including: substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; gross mismanagement of the estate; failure to file a disclosure statement or to file or confirm a plan within the time fixed by the Code or the court, among others.  The list of grounds that constitute "cause" under § 1112(b) is not exhaustive and courts retain broad equitable power to dismiss a case for a debtor's neglect that impedes progress of the case.  Courts in the Ninth Circuit have dismissed or converted cases for unreasonable delay that is prejudicial to creditors, failure to file required documents, and failure to move the case forward toward confirmation.  *Moore v. U.S. Tr.* (In re Moore), 2020 Bankr. LEXIS 3143 * (B.A.P. 9th Cir. Nov 05, 2020) (affirming denial of motion to reconsider dismissal of case based on

---

[3] *Id.*

"failure to file all required operating reports, timely proof of prepetition bank account closures, and a 90-day projection of cash flow, and, as later was identified, her failure to open debtor in possession accounts").

11 U.S.C. Section 1112(b)(4)(I), specifically enumerates "failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief" a cause for dismissal or conversation of a case to chapter 7.

Section 105(a) of the Bankruptcy Code, which provides that a court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. Further, this Court's status conference Order [entered at ECF Dkt. No. 4], states in pertinent part that: "**Without further notice** this Court will automatically hold other status conferences at the same time as any other hearing in this case and may issue appropriate orders including on: (a) case management (e.g., limiting notice), (b) case disposition (e.g., appoint a trustee, conversion, dismissal, and imposing a bar against future bankruptcies – even if the case has already been dismissed), (c) deadlines (e.g., for proofs of claim), (d) management of adversary proceedings and contested matters, and (e) mediation. See, e.g., *In re Bibo, Inc.*, 76 F.3d 256 (9th Cir. 1996)."

The Debtor's obligation to the Finance California has now been fully due and payable for in excess of 16 months. No refinance has been accomplished, no sale has occurred. In excess of one year after the Petition date, the Property continues to be listed at a price that indicates that the Debtor has not made good faith attempts to monetize the Property, which is in fact listed at a price approximately $500,000 more than the Debtor's own valuation. The Debtor has failed to pay post-Petition property taxes. Based on the foregoing, cause exists to dismiss the Debtor's bankruptcy case.

3. <u>Conclusion & Request for Relief</u>

The Debtor has had more than a year to refinance or sell the Property and neither have occurred. In the meantime, the Debtor has failed to pay property taxes. Cause therefore exists to dismiss the chapter 11 case and Finance California respectfully requests that the Court enter its Order dismissing the Debtor's chapter 11 case.

1

Dated: February 12, 2026

**JEFFREY S. SHINBROT, APLC**

2

3

By: /s/Jeffrey S. Shinbrot
Jeffrey S. Shinbrot, Esquire

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF GERALD WIENER

I, Gerald Wiener, hereby declare and state as follows:

1.     I am over the age of eighteen and I am the Chief Executive Officer of Finance California, a California corporation. ("Finance California").  As to the following facts, I know them of my own personal knowledge, except where stated on information and belief, and if called as a witness, I could and would testify as set forth herein.

2.     I am one of the custodians of the books and records of the Finance California and I have gained knowledge of such records which were made at or about the time of the events recorded, and which were maintained in the ordinary course of the Finance California's  business at or near the time of such acts, conditions or events to which they relate, any such document was prepared in the ordinary course of the business by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.

3.     Finance California's prior bankruptcy counsel filed its proof of claim on February 26, 2025, and as set forth therein, Finance California is the beneficiary of a note ("Note") secured by a deed of trust recorded against the Debtor's property commonly known as 1811 Bel Air Road, in Los Angeles, California (the "Property").

4.     The Note came due on September 30, 2024 and has not been paid. The amount owed to Finance California under the Note is now $736,955.

5.     On January 23, 2026, I obtained a title report from Fidelity National Title, a true and accurate copy of which is annexed hereto as Exhibit 1. The report indicates that the Debtor has failed to pay post-Petition real property taxes to the Country of Los Angeles in the amount of $19,082.23 that was due on December 12, 2025 and which has now accrued a penalty of $1,902.22.

6. The Debtor's obligation to Finance California continues to accrue interest at the rate of $8,625 per month, a net difference of $5,625 from the adequate protection payments of $3,000 per month.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 12th day of February, 2026, in Los Angeles, California.

_____
Gerald Wiener

EXHIBIT 1

# Tax Search

**TITLE POINT** ◤◢

Los Angeles, California
**Searched: 4370-014-025**
Non-Order Search

| | |
|---|---|
| Tax Year: | 2025-2026 |
| Tax Cover: | 01/23/2026 |
| Searched By: | DEBORAH HALE |
| Searched On: | 1/29/2026 3:39 PM |

Company: FIDELITY NATIONAL TITLE | MCL - (FNFSTR) | 04 | CRN: 00036-00005

---

| | |
|---|---|
| APN: | **4370-014-025** |
| Described As: | **TRACT NO 10798 LOT COM AT MOST W COR OFLOT 6 TH N 89›55'46" E 1.05 FT TH S 18›21'48" E 263.24 FT TH N 61›40' E TO ELINE OF SD LOT TH S ON A CURVE CONCAVETO E RADIUS EQUALS 89 FT 88.82 FT TH SW 333.42 FT TO BEG PART OF LOT   6** |
| Address: | **1811 BEL AIR RD** |
| City: | **LOS ANGELES CITY** |
| Billing Address: | **1935 E 7TH ST LOS ANGELES CA 90021** |
| Assessed Owner(s): | **MAZUR,JAMIE** |
| Search As: | **Tax ID 4370-14 of Parcel 25** |

| Tax Rate Area: | 00067 | **Value** | | Conveyance Date: | |
|---|---|---|---|---|---|
| | | Land: | 2,843,478.00 | Conveying Instrument: | |
| Use Code: | 0100 | Improvements: | 328,093.00 | Date Transfer Acquired: | |
| **SINGLE RESIDENTIAL** | | Personal Property: | | Vesting: | |
| Region Code: | **CULVER CITY** | Fixtures: | | Year Built: | 1953 |
| Flood Zone: | | Inventory: | | Year Last Modified: | 1953 |
| Zoning Code: | **LARE40** | | | | |
| Taxability Code: | | **Exemptions** | | | |
| | | Homeowner: | | **Square Footage** | |
| Tax Rate: | 1.203329 | Inventory: | | Land: | |
| Auditor Tax Rate: | 1.187380 | Personal Property: | | Improvements: | 1664 |
| | | Religious: | | | |
| | | All Other: | | Tax Defaulted: | |
| Bill #: | | Net Taxable Value: | 3,171,571.00 | Total Tax: | 38,164.45 |
| Issue Date: | 10/15/2025 | | | | |

| Installment | Amount | Penalty | Due Date | Status | Payment Date | Balance |
|---|---|---|---|---|---|---|
| 1st | 19,082.23 | 1,908.22 | 12/10/2025 | UNPAID | | 20,990.45 |
| 2nd | 19,082.22 | 1,918.22 | 04/10/2026 | UNPAID | | 19,082.22 |
| | | | | | **Total Balance:** | 40,072.67 |

| Bonds: 1 | Parcel Changed: | Sold to State: 0 | Mello-Roos: N | NSF: N |
|---|---|---|---|---|

| Account | Special Lien Description | Amount |
|---|---|---|
| 00170 | **LOS ANGELES COUNTY TRAUMA/EMERG SRVS** | 104.83 |
| 00177 | **SAFE CLEAN WATER** | 99.59 |
| 03071 | **LOS ANGELES COUNTY  FLOOD CONTROL** | 19.10 |
| 03694 | **REGIONAL PARK AND OPEN SPACE DISTRICT PROPOSED MEASURE A** | 31.78 |
| 06111 | **LOS ANGELES COUNTY WEST VECTOR CONTROL DIST** | 11.33 |
| 06851 | **MRCA·BRUSH FIRE CLEAR'G DIST #1** | 40.00 |
| 06853 | **MOUNTAINS REC & CONSERVATION AUTH** | 168.00 |
| 18850 | **LOS ANGELES CITY LANDSCAPE & LIGHTING DISTRICT #96-1** | 16.00 |
| 18869 | **LOS ANGELES STORMWATER POLLUTION ABATEMENT** | 15.23 |

**Bonds**

| Issued For: MRCA·BRUSH FIRE CLEAR'G DIST #1 | Assessment No.: | Book/Page: |
|---|---|---|
| Docket/Series: AD #1 | Bond No: | Lien Issued: 8/6/2003 |
| Filed On: | Bond Type: 1915 ACT | Maturity Date: 6/30/2033 |
| City / County: COUNTY OF LOS ANGELES | | First Payment Date: |
| Payable to: COUNTY OF LOS ANGELES | | Total Installments: 60 |
| | | Number of Years: 20 |
| | | Interest Rate: 0.00% |
| | | Further Info Charge: |
| Orig Principal: | Amount Due : | To Pay Off: |

**1915 ACT BOND IS COLLECTED WITH TAXES**

| Open Orders | | | | |
|---|---|---|---|---|
| **Company** | **Department** | **Title Unit** | **Order No.** | **Date Created** |
| Fidelity National Title | Sherman Oaks - (FNFSTR) | 01 | 1500-2307158 | 01/28/2026 |

**THE INFORMATION PROVIDED IS A SUMMARIZED SEARCH OF OUR RECORDS. PROPERTY INSIGHT DOES NOT WARRANT NOR GUARANTEE THE ACCURACY NOR COMPLETENESS OF THE INFORMATION SHOWN. A FULL/EXTENDED TAX SEARCH IS RECOMMENDED.**

**\*\*\* END OF REPORT \*\*\***

EXHIBIT 1

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

15260 Ventura Blvd., Suite 1200<br>
Sherman Oaks, CA 91403

A true and correct copy of the foregoing document entitled (*specify*): **JOINDER TO MOTION TO DISMISS** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below.

**X  1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 2/13/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Michael Jay Berger**    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Shannon A Doyle**    sdoyle@ghidottiberger.com, bknotifications@ghidottiberger.com
- **Bruce G Landau**    bruce@landauandlandau.com
- **Crystle Jane Lindsey**    clindsey@ghidottiberger.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Amitkumar Sharma**    amit.sharma@aisinfo.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Jennifer C Wong**    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) 2/13/2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.
**Jamie Mazur**
1811 Bel Air Road
Los Angeles, CA 90077

**SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 2/13/2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/13/2026 | Tanya Marquez | /s/Tanya Marquez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.