MICHAEL JAY BERGER (State Bar # 100291)
SOFYA DAVTYAN (State Bar # 259544)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone:   (310) 271-6223
Facsimile:    (310) 271-9805
E-mail: Michael.Berger@bankruptcypower.com
E-mail: Sofya.Davtyan@bankruptcypower.com

Counsel for Debtor and Debtor-in-Possession,
Jamie Mazur

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re:

Jamie Mazur,

    Debtor and Debtor-in-Possession.

CASE NO.: 2:25-bk-10181-NB

Chapter 11

**DEBTOR'S OPPOSITION TO MOTION TO DISMISS CASE; DECLARATION OF JAMIE MAZUR IN SUPPORT THEREOF**

Hearing Scheduled For:
DATE: March 10, 2026
TIME: 1:00 p.m.
CTRM: 1545
LOCATION: 255 E. Temple Street
                Los Angeles, CA 90012

Jamie Mazur (the "Debtor"), Debtor and Debtor-in-Possession herein, hereby submits this Opposition to the Motion to Dismiss Case ("Motion") [docket no. 158] filed by secured

creditor, U.S. Bank Trust National Association as Trustee of the Cabana Series V Trust, as serviced by SN Servicing Corporation ("Secured Creditor" or "U.S. Bank")[1] as follows:

## I. INTRODUCTION

No cause exists to dismiss Debtor's bankruptcy case, and dismissal would not be in the best interests of the creditors of the bankruptcy estate. Debtor is current on adequate protection payments to the Secured Creditors, and the Debtor's real property (1811 Bel Air Road, Los Angeles, CA 90077 (the "Property")) that secures the Secured Creditor's debt has substantial equity. The Debtor's bankruptcy was neither filed nor prosecuted in bad faith, but rather Debtor has been actively marketing the Property for sale. Sale of the Property will allow Debtor to pay all the claims on the bankruptcy estate in full, so proceeding with the marketing and sale of the Property is in the interest of all creditors. Furthermore, Debtor is earning a $200,000.00 per year salary from his company, and Debtor is exploring the possibility of refinancing the debts encumbering the Property, which would provide an alternative means to satisfy the claim of the Secured Creditor. For the foregoing reasons, the Court should not dismiss the Debtor's bankruptcy case.

## II. ARGUMENT

### A. Secured Creditor Is Adequately Protected By Debtor's Adequate Protection Payments And By The Property's Substantial Equity

Debtor is current on adequate protection payments to secured creditors U.S. Bank and Finance California, as ordered in the Order Conditioning Continuation of the Automatic Stay Upon Adequate Protection Payments ("Adequate Protection Order") [docket no. 132]. Attached

---

[1] On February 13, 2026, secured creditor Finance California filed its Notice of Joinder to the Motion ("Joinder") [docket no. 160]. The instant Opposition addresses the arguments presented in both the Motion and the Joinder, and Debtor intends for the instant Opposition to serve as an opposition to both the Motion and the Joinder.

to the Declaration of Jamie Mazur ("Mazur Declaration") as **Exhibit 1** is proof of the most recent adequate protection payments to both U.S. Bank and Finance California. At a prior point in the Debtor's bankruptcy, about August 2025, Debtor was renting the Property to a victim of the 2025 Pacific Palisades wildfires (the "Tenant"). The Tenant was due payments from his home insurance company, and the disbursement of those insurance payments was delayed. As a consequence, Debtor's adequate protection payment to secured creditors were delayed. However, when the Tenant's insurance payments were disbursed and Debtor received the Tenant's rental payments, Debtor caught up on adequate protection payments to the secured creditors. Debtor currently rents the Property to a tenant who pays $18,000 per month in rent, which is sufficient to pay the adequate protection payments to secured creditors. Debtor's history of making adequate protection payments to the secured creditors demonstrates his good faith, contrary to the bad faith alleged by U.S. Bank in its Motion. In addition to the adequate protection payments, the interests of the secured creditors are protected by the Property's substantial equity. For these reasons, no cause exists to dismiss the bankruptcy case, and the bankruptcy case should not be dismissed.

B. Debtor Has Been Actively Marketing The Property For Sale

Debtor has been making continuous, good-faith efforts to market and sell the Property for the benefit of all creditors of the estate. Over the course of marketing the Property, Debtor has reduced the listing price from $5,395,000.00 to $4,900,000, and again reduced the listing price to $4,795,000.00. Debtor has been working with Crosby Doe Associates Inc., the real estate broker authorized to provide professional services for the estate, to market the Property [docket no. 86]. Debtor's current tenant has expressed interest in purchasing the Property, after a trial period of renting the Property from January – March, 2026. Debtor's Property was featured on the front

page of Los Angeles Dream Homes magazine, November 2025 edition. Debtor has shown the Property to three potential buyers in February, 2026, and has another showing scheduled for the first week of March, 2026. Debtor has been listing the Property at a higher asking price than the $4,500,000.00 appraised value of the Property, however Debtor believes that a higher listing price is justified given the Property's unique architecture and history. Debtor has begun earning a $200,000.00 per year salary through his company, and believes that refinancing the Property is a viable alternative, if his efforts to sell the Property are frustrated. Debtor's efforts in marketing the Property are made in good faith, and with the intent toward raising the funds to pay the creditors of the Debtor's estate. For the aforementioned reasons, there is no cause to dismiss Debtor's bankruptcy, and the Motion to Dismiss Debtor's bankruptcy should not be granted.

### C. Debtor Has Prosecuted His Bankruptcy In Good Faith, And Dismissal Is Not In The Best Interest Of Creditors Of The Estate

The Debtor filed his bankruptcy case to protect his Property from foreclosure. At the time of filing, the Property was Debtor's principal residence. There is nothing improper about using the bankruptcy process to stall foreclosure of a home, particularly where, as in this case, the Property has substantial equity. The Debtor's intent, as outlined in his Plan of Reorganization ("Plan") [docket no. 102] is to sell the home and use the proceeds to pay his creditors 100% of their respective allowed claims. Because Debtor's Plan provides for payment of 100% of creditors' respective allowed claims, the Plan is in the best interests of all creditors. Debtor's intentions in filing the bankruptcy and his actions as a debtor-in-possession have been in good faith, and allowing the bankruptcy to proceed is in the best interest of all creditors. For the aforementioned reasons, there is no cause to dismiss Debtor's bankruptcy, and the Secured Creditor's Motion should not be granted.

### III. CONCLUSION

The Debtor has not abused the bankruptcy process. He continues to maintain and market his Property for sale, and preserves the value of the estate for the benefit of all creditors. His Plan provides for all creditors, and serves the creditors' best interest. Dismissal of his bankruptcy would only serve the interest of the secured creditors. The secured creditors are adequately protected by the ongoing adequate protection payments, and the equity in the Property. For these reasons, there is no cause to dismiss the Debtor's bankruptcy, and the Motion should not be granted.

DATED: February 24, 2026

LAW OFFICES OF MICHAEL JAY BERGER

By: /s/ Michael Jay Berger
Michael Jay Berger
Sofya Davtyan
Counsel for Debtor-in-Possession
Jamie Mazur

## DECLARATION OF JAMIE MAZUR

I, Jamie Mazur, declare and state as follows:

1. I am the Debtor (the "Debtor"). I am over the age of 18. I have personal knowledge of the facts I state below, and if I were to be called as a witness, I could and would competently testify about what I have written in this declaration.

2. I am current on adequate protection payments to secured creditors U.S. Bank and Finance California, as ordered in the Order Conditioning Continuation of the Automatic Stay Upon Adequate Protection Payments ("Adequate Protection Order") [docket no. 132]. Attached hereto as **Exhibit 1** is proof of the most recent adequate protection payments to both U.S. Bank and Finance California.

3. At a prior point in the my bankruptcy, about August 2025, I was renting the Property to a victim of the 2025 Pacific Palisades wildfires (the "Tenant"). The Tenant was due payments from his home insurance company, and the disbursement of those insurance payments was delayed. As a consequence, my adequate protection payment to secured creditors were delayed. However, when the Tenant's insurance payments were disbursed and I received the Tenant's rental payments, I caught up on adequate protection payments to the secured creditors.

4. I currently rent the Property to a tenant who pays $18,000 per month in rent, which is sufficient to pay the adequate protection payments to secured creditors.

5. I have been making continuous, good-faith efforts to market and sell the Property for the benefit of all creditors of the estate. Over the course of marketing the Property, I have reduced the listing price from $5,395,000.00 to $4,900,000, and again reduced the listing price to $4,795,000.00.

6. I have been working with Crosby Doe Associates Inc., the real estate broker authorized to provide professional services for the estate, to market the Property [docket no. 86].

7. My current tenant has expressed interest in purchasing the Property, after a trial period of renting the Property from January – March, 2026.

8. My Property was featured on the front page of Los Angeles Dream Homes magazine, November 2025 edition.

9. I have shown the Property to three potential buyers in February, 2026, and I have another showing scheduled for the first week of March, 2026.

10. I have been listing the Property at a higher asking price than the $4,500,000.00 appraised value of the Property, however I believe that a higher listing price is justified given the Property's unique architecture and history.

11. I have begun earning a $200,000.00 per year salary through my company, and I believe that refinancing the Property is a viable alternative, if my efforts to sell the Property are frustrated.

12. I filed my bankruptcy case to protect my Property from foreclosure. At the time of filing, the Property was my principal residence.

13. My intent, as outlined in my Plan of Reorganization ("Plan") [docket no. 102] is to sell the home and use the proceeds to pay my creditors 100% of their respective allowed claims.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on February 24, 2026 at Los Angeles, California.



_____
Jamie Mazur

# EXHIBIT 1

# EVERYDAY CHECKING …1371

# $8,047.12

Available balance ⓘ

🔍 Search by keyword                                                      ≡ Filter

( Checks ✕ )

| | | |
|---|---|---|
| ✓ 📎 | 02/17/2026<br>**CHECK # 217** | $10,000.00 |

 02/17/2026 $3,000.00

WT FED#01R01 US BANK, NA / FTR/BNF=FINANCE CALIFORNIA CLIENT TRUST SRF# OW00006633152036 TRN#260217141932 RFB# OW00006633152036

 02/17/2026 +$18,000.00

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9454 Wilshire Blvd., 6th Fl., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S OPPOSITION TO MOTION TO DISMISS CASE; DECLARATION OF JAMIE MAZUR IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _2/24/2026_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
**Debtor's Counsel: Michael Jay Berger**    michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com; michael.berger@ecf.inforuptcy.com
**U.S. Trustee: Ron Maroko**    ron.maroko@usdoj.gov
**Capital One Auto: Amitkumar Sharma**    amit.sharma@aisinfo.com
**United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
**Counsel for Finance California: Bruce G Landau**    bruce@landauandlandau.com
**Counsel for U.S. Bank National Trust, Shannon A Doyle**    sdoyle@ghidottiberger.com,
bknotifications@ghidottiberger.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On _2/24/2026_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/24/2026 | Peter Garza | /s/Peter Garza |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

```
Label Matrix for local noticing        Capital One Auto Finance, a division of Capi    Capital One Auto Finance, a division of Capi
0973-2                                 c/o McCarthy & Holthus, LLP                     4515 N Santa Fe Ave. Dept. APS
Case 2:25-bk-10181-NB                  2763 Camino Del Rio South, Suite 100            Oklahoma City, OK 73118-7901
Central District of California         San Diego, CA 92108-3708
Los Angeles
Tue Feb 24 18:07:34 PST 2026

Finance California                     United States Trustee (LA)                     Los Angeles Division
15604 Vandorf Place                    915 Wilshire Blvd, Suite 1850                  255 East Temple Street,
Encino, CA 91436-3902                  Los Angeles, CA 90017-3560                     Los Angeles, CA 90012-3332


California Dept. of Tax and Fee Administrati    Capital One Auto Finance              Department of Water and Power
Collection Support Bureau, MIC 29      Attn: Bankruptcy                                City of Los Angeles
PO Box 942879                          7933 Preston Rd                                Attn: Bankruptcy
Sacramento, CA 94279-0029              Plano, TX 75024-2302                           P O Box 51111
                                                                                       Los Angeles CA 90051-5700


Discover Bank                          FRANCHISE TAX BOARD                            Finance California
PO Box 3025                            BANKRUPTCY SECTION MS A340                     1801 Century Park E.
New Albany, OH 43054-3025              PO BOX 2952                                    Los Angeles, CA 90067-2302
                                       SACRAMENTO CA 95812-2952


Finance California                     Finance California                             Franchise Tax
Attn: Gerald Wiener                    c/o Landau & Landau                            Bankrutpcy Section MS: A-340
15604 Vandorf Place                    Attn: Bruce G. Landau Esq.                     PO Box 2952
Encino, CA 91436-3902                  11260 Overland Ave Unit 14 G                   Sacramento, CA 95812-2952
                                       Culver City CA 90230-5536


Goldman Sachs Bank USA                 IRS                                            LADWP
Attn: Bankruptcy                       P.O. Box 7346                                  111 North Hope Street
Po Box 70379                           Philadelphia, PA 19101-7346                    Los Angeles, CA 90012-2607
Philadelphia, PA 19176-0379


Shannon Doyle, Esq.                    Sn Servicing Corporati                         (p)US BANK
Ghidotti                               323 5th St                                     PO BOX 5229
 Berger LLP                            Eureka, CA 95501-0305                          CINCINNATI OH 45201-5229
1920 Old Tustin Avenue
Santa Ana, CA 92705-7811


U.S. Bank National Association, et al. Us Bk Cacs                                     Verizon by AIS InfoSource LP as agent
323 5th Street                         Attn: Bankruptcy                               4515 N Santa Fe Ave
Eureka, CA 95501-0305                  Po Box 5229                                    Oklahoma City OK 73118-7901
                                       Cincinnati, OH 45201-5229


Wells Fargo Bank NA                    Wells Fargo Bank, N.A.                         Wells Fargo Bank, N.A., Wells Fargo Card Ser
Attn: Bankruptcy                       PO Box 10438, MAC F8235-02F                    PO Box 10438, MAC F8235-02F
1 Home Campus Mac X2303-01a 3rd Floor  Des Moines, IA 50306-0438                      Des Moines, IA 50306-0438
Des Moines, IA 50328-0001


Wells Fargo Jewelry Advantage          Jamie Mazur                                    Michael Jay Berger
Attn: Bankruptcy                       1811 Bel Air Road                              9454 Wilshire Blvd 6th Fl
Pob 10438 Mac F8235-02f                Los Angeles, CA 90077-2728                     Beverly Hills, CA 90212-2980
Des Moines, IA 50306-0438
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

U.S. Bank National Association
Bankruptcy Department
PO Box 108
Saint Louis MO 63166-0108

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

(u)Crosby Doe Associates, Inc.

(u)U.S. Bank Trust National Association as Tr

(d)Capital One Auto Finance, a division of Ca
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

End of Label Matrix
Mailable recipients    29
Bypassed recipients     4
Total                  33